# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

LOUIS CURTIS TOWNSELL,
ADC #146082                                                                    PETITIONER

v.                              5:14CV00289-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

---

[1] The Petition named Ray Hobbs as the Respondent. Mr. Hobbs retired on October 31, 2014, and was replaced by Larry Norris as Interim Director. Wendy Kelley was appointed as Director on January 13, 2015. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kelley is automatically substituted as the Respondent in place of Mr. Hobbs.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  BACKGROUND**

On October 29, 2009, a Pulaski County jury convicted Louis Curtis Townsell of attempted second-degree murder, second-degree battery and arson. (Doc. No. 2.) A judgment and commitment order was entered November 10, 2009, sentencing Mr. Townsell to forty-seven years in the Arkansas Department of Correction. (Doc. No. 7-2.) He timely appealed his sentence to the Arkansas Court of Appeals arguing jury instruction error. Specifically, he argued the trial court had erred by not instructing the jury of the lesser-included offense of attempted extreme-emotional-disturbance manslaughter. (Doc. No. 7-4.) The Court of Appeals recited the following facts:

> The State initially charged [Mr. Townsell] with attempted capital murder, rape, arson, and second-degree domestic battery. At the jury trial, the victim testified that, between the end of 2007 and the beginning of 2009, she and [Mr. Townsell] had a nonexclusive romantic relationship. She stated that she and [Mr. Townsell] had been intimate, that [Mr. Townsell] would stay at her home occasionally, but that [Mr. Townsell] wanted the relationship to be more serious than she wanted it to be.
>
> The victim testified that [Mr. Townsell] stayed with her at her apartment on the nights of January 14, 15, and 16, 2009. On January 17, she and [Mr. Townsell] got into a verbal altercation about the status of their relationship, and she left the

apartment around noon. When she returned at approximately 6:00 p.m., [Mr. Townsell] was still at the apartment. [Mr. Townsell] asked her for something to eat, and when she refused, [Mr. Townsell] proceeded to attack her. The victim stated that [Mr. Townsell] stabbed her in her left breast with a knife, poured rubbing alcohol all over her, lit a small pillow on fire from the gas burner on her stove, and using the pillow, threw fire all over her and the contents of her apartment. She also testified that [Mr. Townsell] stabbed her twice more in her thigh and raped her. Afterward, and while the apartment was still burning, [Mr. Townsell] choked her and threw part of her stereo at her. The victim sustained burns to her scalp and leg and a broken elbow as a result of the attack.

The victim's downstairs neighbor and friend, John Davis, testified that on January 17, 2009, he heard a commotion upstairs and began to smell smoke. He stated that he heard the victim pounding on her floor upstairs and telling him to call the police. Davis also stated that he heard [Mr. Townsell] say, "I'm going to kill you. I'm going to kill you." Davis then called the police and ran outside. From outside the apartment, he could see [Mr. Townsell] upstairs, waving around a flaming pillow and setting various things on fire inside the victim's apartment. Davis stated that [Mr. Townsell] exited the apartment and was visibly angry. Afterward, the victim tumbled down the stairs naked. [Mr. Townsell] then went inside Davis's apartment and tore up Davis's TV and stereo.

The victim's landlord, Finney Harris, also testified that he heard a commotion and saw [Mr. Townsell] slinging fire around the victim's apartment. Harris stated that he saw the victim tumble down the stairs naked. He also saw [Mr. Townsell] enter Davis's apartment.

During [Mr. Townsell]'s case, Detective Damon Whitener testified that he took a photograph of an injury on [Mr. Townsell]'s left leg that appeared to be an old laceration approximately half an inch long. The photograph was taken on February 4, 2009, after [Mr. Townsell]'s arrest.

[Mr. Townsell] testified that he had stayed with the victim the nights of January 15 and 16, 2009, and that on the night of January 16, he and the victim got into a verbal altercation because he had called her by his ex-girlfriend's name. The following morning, according to [Mr. Townsell], the victim went downstairs to John Davis's apartment, where [Mr. Townsell] heard them "getting romantic." When she returned to her apartment, [Mr. Townsell] asked her what was going on, and she told him she was mad at him. [Mr. Townsell] stated that the victim then went back downstairs and did not return until approximately 6:30 p.m. When she returned, [Mr. Townsell] asked her if she had brought him something to eat, and that made the victim angry. [Mr. Townsell] admitted that he grabbed a pillow, lit it on fire, and used the pillow to set the curtains on fire. According to [Mr. Townsell], he and the victim "tussled." [Mr. Townsell] stated that he was angry with her because of John Davis and because she had not brought him any food, but he denied threatening her or stabbing her with a knife. Instead, [Mr. Townsell] stated, the victim grabbed the knife from underneath the mattress and used it to stab him in the leg.

3

*Townsell v. State*, 2010 Ark. App. 754.

In an opinion dated November 10, 2010, the Court of Appeals affirmed Mr. Townsell's conviction. *Id.* Then on January 19, 2011, Mr. Townsell filed a postconviction petition pursuant to Arkansas Rules of Criminal Procedure 37, claiming appellate counsel was ineffective "for not raising a claim that was preserved for appeal." (Doc. Nos. 2, 7-5.) Mr. Townsell claimed his counsel should have appealed the fact that the trial court judge did not instruct the jury on the lesser included offense of manslaughter. *Id.* After an evidentiary hearing, the Rule 37 petition was dismissed on August 5, 2011, and Petitioner did not appeal. *Id.*

Mr. Townsell then filed a *pro se* state habeas corpus petition on January 24, 2012, claiming the trial court lacked jurisdiction to sentence him - not only to attempted-second degree murder but also to second-degree battery, which he believed was a lesser-included offense. (Doc. No. 7-6.) The circuit court denied the petition. (Doc. No. 2.) Mr. Townsell appealed to the Arkansas Supreme Court, which affirmed on May 15, 2014. (Doc. No. 7-8.)

Mr. Townsell filed the instant Petition of Writ of Habeas Corpus on July 28, 2014, arguing (1) ineffective assistance of appellate counsel, and (2) double-jeopardy[2] or "multiple punishments" based on his belief that he was sentenced to both a greater and lesser-included offense. (Doc. No. 2.) The Respondent filed his Response on September 16, 2014, arguing that Mr. Townsell is procedurally barred because he never appealed his Rule 37 petition, and the claims are without merit. (Doc. No. 7.) Mr. Townsell replied that an appeal would have been futile because he would have filed it with the trial court which he believes lacked jurisdiction. (Doc. No. 8.)

**II.    ANALYSIS**

---

[2]The Arkansas Supreme Court said that Mr. Townsell's "claim is essentially a claim of a double-jeopardy violation." Townsell v. State, 2014 Ark. 227, 3 (2014). Mr. Townsell calls it "Multiple Punishments." (Doc. No. 2.) This Court will refer to the claim as Petitioner did.

4

### A. Ineffective Assistance of Counsel

Mr. Townsell argues his appellate counsel was ineffective for failing to raise a claim that was preserved for appeal. (Doc. No. 2 at 4.) This is the same argument raised in his Rule 37 petition, but not appealed further. Because Mr. Townsell failed to appeal, Respondent counters that this argument is procedurally defaulted. The Court agrees.

A state prisoner must fairly present the substance of each claim to the appropriate state court before seeking a federal habeas review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This requirement is in place to afford the State the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted).

The Arkansas Supreme Court was never afforded the opportunity to "correct any constitutional errors" before Mr. Townsell filed his federal habeas Petition. This Court cannot intervene in the state procedure without the Arkansas Supreme Court first hearing the issue.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In Petitioner's Reply (Doc. No. 8), he attempts to excuse his procedural default. He mistakenly believes that the trial court was an inappropriate venue for filing a Rule 37 petition. He states that the trial court lacked jurisdiction over the Rule 37 petition, and "this is why the trial court dismissed the petition." (*Id.*) He then argues an appeal would have been futile because the Arkansas Supreme Court lacks jurisdiction where the circuit court lacks jurisdiction. However, a Rule 37 petition "may [be] file[d] in the court that imposed the sentence." Ark. R. App. P. -- Crim. 37.1(a). Therefore, the trial court did have jurisdiction, and Petitioner should have appealed.

Furthermore, the Court has considered whether Mr. Townsell has cause for his procedural default pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). Although questions arise as to whether the United States Supreme Court's holding in *Martinez* could generally lead to a showing of "cause" for procedurally defaulted claims, the Court concludes it does not apply in this case. Assuming *Martinez* applies, this Court would perform a merits review of the defaulted claims if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Townsell had no counsel in the post-conviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Townsell had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Given the facts in this case and the claims raised, under *Martinez* and *Trevino,* the Court concludes that, under the first prong of this analysis, none of Mr. Townsell's defaulted claim rises to the level of "substantial." Thus, this claim is procedurally barred and should be dismissed.

      **B.**    **Multiple Punishments/Double Jeopardy**

Mr. Townsell's second claim was first raised in his state habeas petition. He argued that the circuit court lacked jurisdiction to sentence him to second-degree domestic battery because he believes it is a lesser-included offense of attempted second-degree murder. (Doc. No. 7-6.) After

6

the Pulaski County Circuit Court disagreed, Mr. Townsell appealed to the Arkansas Supreme Court.

The Supreme Court affirmed, reasoning:

> In the instant case, [Mr. Townsell] contends that the same body of evidence offered to prove the charge of attempted second-degree murder was also offered to prove the charge of second-degree domestic battering and that the two offenses differ only in the degree of injury caused to the victim. [Mr. Townsell]'s argument is premised on his faulty understanding of the following concepts: (1) the elements required to establish the commission of an offense and (2) the body of evidence used to prove those elements. [Mr. Townsell] incorrectly asserts that, if the same evidence proving the elements of one offense also proves the elements of another offense, then one of the offenses is a lesser-included offense of the other. This is not the test for determining whether an offense qualifies as a lesser-included offense. See Ark. Code. Ann. § 5-1-110(b).

Townsell v. State, 2014 Ark. 227, 3-4 (2014).

In the interests of finality and federalism, federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable

application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

After reviewing the Arkansas Supreme Court opinion, this Court finds it is not contrary to or an unreasonable application of an established federal law. Furthermore, the opinion was not based on an unreasonable determination of the facts. The Arkansas Supreme Court addressed the merits of Mr. Townsell's multiple punishments claim and found that it failed. The Arkansas Supreme Court will be given great deference, and therefore, the relief Mr. Townsell seeks cannot be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED.

DATED this 3rd day of February, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE