IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LOUIS CURTIS TOWNSELL**                                             **PETITIONER**
**ADC #146082**

v.                     **Case No. 5:14-cv-00289-KGB-JJV**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                     **RESPONDENT**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 9) and the filed objections (Dkt. Nos. 16, 20). After carefully considering the objections and making a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

The Court writes separately to address petitioner Louis Curtis Townsell's objections to the dismissal of his ineffective assistance of appellate counsel claim. Mr. Townsell claims that his appellate counsel should have claimed that the trial court judge erred by not instructing the jury on the lesser included offense of aggravated assault. Because the Arkansas Supreme Court was not afforded an opportunity to review this ineffective assistance of appellate counsel claim, it is procedurally defaulted.

Mr. Townsell appears to argue that he has established "cause" to excuse his procedural default because he was impeded or obstructed in complying with the State's established procedures by the trial court judge. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012) ("The rules for when a prisoner may establish cause to excuse a procedural default . . . reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the

State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." (citations omitted)). Mr. Townsell asserts that he did not pursue his post-conviction appeal pursuant to Arkansas Rule of Criminal Procedure 37 because the trial court, which was also Mr. Townsell's sentencing court, dismissed it for lack of jurisdiction at a hearing and never issued a written finding, leading him to believe that the appellate court would also lack jurisdiction. Indeed, the trial court judge told Mr. Townsell that he needed to make this claim in an appellate court and that "I can't do anything about your appellate counsel, the ones who took it over after it left here. I don't have anything to do with that" (Dkt. No. 17-1, at 4). However, as Judge Volpe pointed out, and apparently contrary to the trial court judge's statement, a Rule 37 petition "may [be] file[d] . . . in the court that imposed the sentence." Ark. R. Crim. P. 37.1(a).

In support of his argument that he has shown cause, Mr. Townsell only cites *Martinez*. To the extent that Mr. Townsell argues that he was impeded or obstructed by his lack of counsel, the Court notes that *Martinez* does not apply to ineffective assistance of *appellate* counsel claims, which means the ruling in *Martinez* cannot lead to a showing of "cause." *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) ("*Martinez* focused on a 'claim of ineffective assistance at trial.'" (quoting *Martinez*, 132 S. Ct. at 1315)). Moreover, nothing prevented Mr. Townsell from appealing the trial court's dismissal or refiling his Rule 37 petition if that was required. The Court determines that the trial court judge's actions did not make Mr. Townsell's compliance with the State's procedural rules impracticable such that cause has been shown. *See Strickler v. Greene*, 527 U.S. 263, 284 n.24 (1999) ("[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural

rule. Without attempting an exhausting catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable, would constitute cause under this standard." (alteration in original) (citations omitted) (internal quotation marks omitted)). Mr. Townsell has not cited, and the Court has not found, a case suggesting otherwise. Lastly, even if Mr. Townsell had shown cause, based on the record before the Court, Mr. Townsell has not shown prejudice. Mr. Townsell has not shown that his claim has merit and makes no argument that the jury's verdict would have been different had the instruction been included. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a petitioner must show that "his counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Accordingly, Mr. Townsell's petition for writ of habeas corpus is dismissed (Dkt. No. 2). The requested relief is denied.

SO ORDERED this the 7th day of July, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE